UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| KATIA HILLS, | ) | |
| Plaintiff, | ) | Civil No. |
| v. | ) | |
| AT&T MOBILITY SERVICES LLC a/k/a AT&T MOBILITY LLC and AT&T INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Katia Hills ("Hills") brings this action against AT&T Mobility Services LLC a/k/a AT&T Mobility LLC ("AT&T Mobility") and AT&T Inc. (collectively "AT&T") for violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").  In support of her Complaint, Hills alleges and states the following:

## INTRODUCTION

AT&T discriminated against Hills because of sex, pregnancy, and disability, retaliated against her for objecting to such misconduct, and violated her right to take medical leave. During Hills's pregnancy, AT&T subjected her, a high-performing salesperson in an Elkhart, Indiana retail store, to disparate discipline for her attendance while routinely overlooking Hills's male coworkers' absences.  AT&T also failed to reasonably accommodate Hills's pregnancy-

related disability, cholestasis, by affording her paid leave or other job modifications, and instead penalized her for missing time due to that disability.  Moreover, AT&T interfered with Hills's right to medical leave by discouraging her from taking the maximum time off to which she was entitled post-childbirth, refusing to treat her pregnancy-related absences as qualifying leave, and finally, firing her – two days after she returned from her six-week maternity leave – because she exercised her right to stay home after having her son.  Finally, AT&T failed to address the pervasive sexual harassment to which Hills was subjected by a co-worker prior to and during her pregnancy, even though she lodged complaints with her direct supervisor.  Indeed, at the time AT&T fired Hills, her harasser remained employed by AT&T.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3); and 28 U.S.C. § 1331, and should exercise its supplemental jurisdiction over Hills's state law claim pursuant to 28 U.S.C. §1367.

2. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because the parties reside in this District, and the unlawful practices complained of occurred within this District.

## PARTIES

4. Plaintiff Katia Hills is a woman and a resident and citizen of Granger, Indiana. From April 2014 until July 2015, Hills was an employee of AT&T Mobility Services LLC a/k/a AT&T Mobility LLC, working at its retail store at 2707 Cassopolis Street in Elkhart, Indiana.

5. AT&T Mobility is a limited liability corporation organized under the laws of Delaware, with its principal place of business in Atlanta, Georgia.  AT&T Mobility is a wholly-

owned subsidiary of AT&T.  On information and belief, at all relevant times, AT&T Mobility was engaged in commerce or an industry affecting commerce within the meaning of the FMLA, employed in excess of 50 employees during each of 20 or more calendar workweeks, and was an "employer" within the meaning of the FMLA, Title VII, PDA, and ADA.

6. AT&T is a holding company incorporated under the laws of Delaware, with its principal place of business in Dallas, Texas.  On information and belief, at all relevant times, AT&T was engaged in commerce or an industry affecting commerce within the meaning of the FMLA, employed in excess of 50 employees during each of 20 or more calendar workweeks, and was an "employer" within the meaning of the FMLA, Title VII, PDA, and ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On May 9, 2016, Hills filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that AT&T engaged in sex, pregnancy, and disability discrimination and retaliation, all in violation of Title VII and the ADA.  Hills is in the process of requesting a Notice of Right to Sue from the EEOC and will amend this Complaint within the required time limits once she receives it.

## FACTS GIVING RISE TO THIS ACTION

8. Hills worked for AT&T Corporation ("AT&T") at its retail store at 2707 Cassopolis Street in Elkhart, Indiana, from April 2014 until her discharge in mid-July 2015.

9. AT&T hired Hills in April 2014 as a Sales Support Representative.  In that position, she provided clerical support to the store's managers and Sales Representatives.

10. Hills performed well in this position, and within roughly four months of her hire, was promoted to Sales Representative, a progression that typically took at least twice that long.

3

11. As a Sales Representative, Hills was responsible for selling cellphones and tablets, as well as various phone and data plans to customers. Throughout her employment with AT&T, Hills performed well and routinely ranked above average in sales performance for her store and area. She was the only female Sales Representative at the store, which employed between five and six Sales Representatives during most of Hills's tenure there.

12. AT&T maintained an attendance policy under which employee absences were punished by assignment of a "point," or a fraction of a point. AT&T assigned these points unless the absence could be "excused," including "approved leave of absence," "short term disability," "FMLA (or other federal or state mandated leave)." Illness or injury that fell short of disability or FMLA-qualifying leave – including pregnancy and pregnancy-related illnesses - even if supported by a medical provider's note, would not spare an employee from points. Once an employee accumulated seven points, she or he was to receive a "final warning." At eight points, she or he was to be terminated.

13. Throughout Hills's employment with AT&T, managers of the Cassopolis Street store applied the attendance policy inconsistently. The Store Manager, Dion McGlown ("McGlown"), and Assistant Manager Greg Roberts, frequently excused employees for arriving late, leaving early, and taking extended breaks.

14. After Hills became pregnant in October 2014, her managers began to selectively enforce the attendance policy more strictly against her, while continuing to grant leniency to Hills's colleagues.

15. During Hills's pregnancy, she experienced severe nausea during the night and in the morning, which impeded her ability to sleep and to work. She also developed a condition of

4

the liver called cholestasis, which resulted in a sensation of itchiness so extreme that she could not sleep.  As a result of Hills's sleeplessness, she experienced extreme fatigue and dizziness during the day, which triggered severe nausea.

16.     These physical symptoms of Hills's pregnancy occasionally caused her to be late or to miss work, and she consistently was penalized with a point or fraction of a point.

17.     In contrast, Hills's colleagues were not given points despite infractions such as arriving late for the start of their shifts, leaving work for extended periods to coach youth soccer or drive family members to various obligations, or returning late from lunch breaks.  Hills's then-boyfriend and now husband, Nathan Hills, another Sales Representative at the store, was repeatedly spared points when late or absent for similar reasons.

18.     AT&T showed hostility to Hills's pregnancy in other ways.  Throughout Hills's pregnancy, store manager McGlown repeatedly stated his belief that Hills would not return to work after her maternity leave.  On multiple occasions, he told her that "women don't come back to work after giving birth," or words to that effect, and referred negatively to other women he had supervised who had not returned from maternity leave.

19.     McGlown also resisted Hills's efforts to learn about the kinds of leave available to her under AT&T's policies, and pressured her not to take the full twelve weeks of leave to which she would be entitled under the FMLA.

20.     On one occasion, when Hills asked about the possibility of working a part-time schedule after having her baby, McGlown told her he would only permit her to do so if she agreed to take just four weeks of maternity leave.  Later, during Hills's leave, McGlown called her at home to ask about her anticipated return date.

21. Additionally, both before and during Hills's pregnancy, she was subjected to harassment by Sales Representative Michael Paradine. Paradine regularly commented about Hills's body and his opinion of her attractiveness, and hypothesized about her sexual relationship with Nathan Hills.  Paradine routinely made these comments in front of co-workers and in front of store managers, but neither McGlown nor Roberts took any action.  Hills also frequently reported Paradine's statements to McGlown and sought his intervention, but he did nothing.

22. After Hills became pregnant in October 2014, Paradine's comments increased in frequency.  They also began to reference changes in Hills's body as a result of her pregnancy. Distressed, in or around January 2015 Hills implored McGlown to take action, and he advised her to file a formal complaint with AT&T's Human Resources Department, which she did.  On information and belief, HR conducted an investigation that included interviewing only McGlown, Hills, and Paradine.

23. AT&T did not inform Hills of the outcome of its investigation.  Although Paradine had boasted on prior occasions that he had received a "final warning" (for having called another Sales Representative a "dick"), Paradine remained employed by AT&T.  While his sexual comments abated, he continued to comment negatively about Hills's pregnancy for the remainder of Hills's employment by AT&T.  On information and belief, AT&T later fired Paradine for mishandling cash transactions.

24. After lodging her harassment complaint, Hills continued to experience a double standard with respect to assignment of points.

25. She also was denied permission to postpone her attendance at a training session taking place hours away, a trip that she knew would be difficult due to chronic nausea, dizziness,

6

and fatigue, while a non-pregnant colleague was permitted to forgo off-site training due to family obligations.

26.   Late in Hills's pregnancy, due to her pregnancy-related symptoms, she sought a temporary transfer into the Sales Support Representative position she previously held, which was vacant at the time and was less taxing than her Sales Representative job.  McGlown denied this request for accommodation, but the position remained vacant.

27.   After being diagnosed at the end of May 2015 with a high-risk pregnancy due to her cholestasis, Hills went out on maternity leave.  At the time, on information and belief, she had accrued six points for lateness and absenteeism.

28.   Hills gave birth to a baby boy on June 1, 2015.

29.   Hills returned to work approximately six weeks later, on July 13, 2015.

30.   Three days after Hills returned from leave, on July 16, 2015, McGlown informed her that she was terminated.  He told Hills that three additional points for absences that occurred before her leave had been "processed" while she was out, pushing her over the eight-point threshold for discharge.

31.   At least two of these absences were related to Hills's pregnancy-related disability, entitling her to leave as an accommodation, and also should have qualified as intermittent leave under the FMLA.

32.   None of Hills's male colleagues was fired for accumulation of points during the roughly fifteen months she was employed by AT&T.

**FIRST CAUSE OF ACTION**
**Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e(k)**
**Disparate Treatment Because of Sex (Pregnancy)**

33. Hills realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

34. AT&T discriminated against Hills by denying her accommodation for her pregnancy and/or related medical conditions in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

35. AT&T's failure to accommodate Hills's pregnancy and/or related medical conditions imposed a significant burden on Hills, and any reason for such failure is not sufficiently strong to justify that burden.

36. As a result of AT&T's unlawful sex discrimination, Hills has suffered significant monetary loss, including loss of earnings and other benefits.

37. As a result of AT&T's unlawful sex discrimination, Hills has suffered emotional pain, suffering, and other nonpecuniary losses.

38. AT&T's unlawful sex discrimination was taken either with malice or with reckless indifference to Hills's rights under the law.

**SECOND CAUSE OF ACTION**
**Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e(k)**
**Disparate Treatment Because of Sex (Harassment)**

39. Hills realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

40. AT&T discriminated against Hills on the basis of sex by failing to remedy harassment of which it knew or should have known, in violation of Title VII of the Civil Rights Act of 1964.

41. As a result of AT&T's unlawful sex discrimination, Hills has suffered emotional pain, suffering, and other nonpecuniary losses.

42. AT&T's unlawful sex discrimination was taken either with malice or with reckless indifference to Hills's rights under the law.

### THIRD CAUSE OF ACTION
### Title I of the ADA, 42 U.S.C. §§ 12112(a), (b); 29 C.F.R. §§ 1630.2(o), 1630.4, 1630.9
### Failure to Provide a Reasonable Accommodation

43. Hills realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

44. AT&T discriminated against Hills, an otherwise qualified individual with a disability, for her known disability, by failing to provide her with a reasonable accommodation, where such an accommodation was available and did not pose an undue hardship, in violation of the Americans with Disabilities Act.

45. AT&T failed to engage in an interactive process with Hills to identify the limitations resulting from her disability and potential accommodations that could overcome those limitations.

46. As a result of AT&T's unlawful disability discrimination, Hills has suffered significant monetary loss, including loss of earnings and other benefits.

47. As a result of AT&T's unlawful disability discrimination, Hills has suffered emotional pain, suffering, and other nonpecuniary losses.

48.     AT&T's unlawful disability discrimination was taken either with malice or with reckless indifference to Hills's rights under the law.

## FOURTH CAUSE OF ACTION
**Interference in Violation of the FMLA, 29 U.S.C. §§ 2601 *et seq*.**

49.     Hills realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

50.     As of mid-April 2015, Hills was an "eligible employee" within the meaning of the FMLA.

51.     At all times relevant herein, AT&T was and is a "covered employer" within the meaning of the FMLA.

52.     AT&T violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of Hills's FMLA rights by, *inter alia*, failing to notify her of her eligibility for FMLA leave, including intermittent leave.

53.     As a direct and proximate result of AT&T's unlawful conduct in violation of the FMLA, Hills has suffered harm for which she is entitled to an award of damages.

54.     AT&T's unlawful actions constitute bad faith, and were malicious, willful, and wanton violations of the FMLA for which Hills is entitled to an award of liquidated damages.

## FIFTH CAUSE OF ACTION
**Retaliation in Violation of the FMLA, 29 U.S.C. §§ 2601 *et seq*.**

55.     Hills realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

56.     As of mid-April 2015, Hills was an "eligible employee" within the meaning of the FMLA.

57. At all times relevant herein, AT&T was and is a "covered employer" within the meaning of the FMLA.

58. AT&T violated the FMLA by unlawfully retaliating against Hills for exercising her FMLA rights by, *inter alia*, refusing to credit her qualifying absences as intermittent leave and instead penalizing her with "points," resulting in her discharge.

59. As a direct and proximate result of AT&T's unlawful conduct in violation of the FMLA, Hills has suffered harm for which she is entitled to an award of damages.

60. AT&T's unlawful actions constitute bad faith, and were malicious, willful, and wanton violations of the FMLA for which Hills is entitled to an award of liquidated damages.

## **PRAYER FOR RELIEF**

For the foregoing reasons, Hills respectfully requests that the Court grant the following relief:

A. Declaratory relief, including but not limited to a declaration that AT&T violated Title VII, the ADA, and the FMLA;

B. Injunctive relief, including but not limited to revision of AT&T's attendance policies, to comply with Title VII, the ADA, and the FMLA;

C. Compensation for loss of income;

D. Compensatory and consequential damages, including for emotional distress;

E. Punitive damages;

F. Liquidated damages,

G. Pre-judgment and post-judgment interest at the highest lawful rate;

  H.  Costs incurred, including reasonable attorneys' fees to the extent allowable by law; and,

  I.  Such other relief as the Court deems just and proper.

## JURY DEMAND

  Hills demands a jury trial on the matters alleged herein.


Dated: July 14, 2017        Respectfully submitted,


              _s_/Amy DeBrota_____
              Amy Ficklin DeBrota (#17294-49)
              The DeBrota Firm LLC
              1389 West 86th Street, #261
              Indianapolis, IN  46260
              317-848-5555
              888-273-1326 (fax)
              amy@debrotalaw.com

              Lenora M. Lapidus*
              Gillian L. Thomas*
              American Civil Liberties Union
              Women's Rights Project
              125 Broad Street, 18th Floor
              New York, NY  10004
              (212) 549-2500

              *_pro hac vice_ admission pending

              Attorneys for Plaintiff