(COURT USE ONLY)

RECEIPT NO. |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

Katia Hills

v.

AT&T Mobility LLC, et al.

Cause No. | 3:17-cv-00556

## MOTION FOR ADMISSION TO PRACTICE PRO HAC VICE ON BEHALF OF

Katia Hills

Party(s) Represented

Prefix (check one) ☐ Mr.   ☒ Ms.   ☐ Mrs.

Last Name: | Thomas          First Name: | Gillian          Middle Name/Initial | L.

Generation (Sr, Jr, etc):|

Firm Name:| American Civil Liberties Union

Street Address:| 125 Broad Street          Suite/Room No.:| 18th Fl.

City:| New York          State:| NY          Zip:| 10004

Office Telephone No.:| (212) 284-7356          Fax No.:|

E-Mail Address:| gthomas@aclu.org

## EDUCATION:

College:| Yale College          Degree:| B.A.          Year Completed:| 1990

Law School:| University of Michigan Law School          Year Graduated:| 1996

Other Post-Graduate Schooling:|

**LIST EACH STATE TO WHICH YOU ARE ADMITTED TO PRACTICE LAW:**

| STATE | YEAR ADMITTED | CURRENT STATUS | BAR I.D. NUMBER |
|---|---|---|---|
| New York | 2005 | Active | 4314506 |
| Pennsylvania | 1998 | Administrative Suspension | 82947 |
| New Jersey | 2002 | Active | 042992002 |

Please include a current certificate of good standing (fewer than 60 days old) from each jurisdiction listed above in order to satisfy the requirements articulated in Local Rule 83-5(a)(2)(C)(ii).

**LIST EACH FEDERAL COURT TO WHICH YOU ARE ADMITTED TO PRACTICE LAW:**

| COURT | YEAR ADMITTED | CURRENT STATUS |
|---|---|---|
| U.S. Supreme Court | 2014 | Active |
| U.S. Court of Appeals for the Second Circuit | 2017 | Active |
| U.S. Court of Appeals for the Fifth Circuit | 2017 | Active |
| U.S. District Court for the Southern District of NY | 2005 | Active |
| U.S. District Court for the Eastern District of NY | 2005 | Active |

If admitted to the U.S. Supreme Court, please provide a current certificate of good standing (fewer than 60 days old.) Otherwise, no certificate of good standing is needed for any other Federal Court listed above.

Have you ever been publicly disciplined by any other court in the United States or its territories, commonwealths, or possessions?   ☒ Yes (If yes, please attach an explanation)    ☐ No

Applicant: I, [Gillian L. Thomas], do solemnly swear or affirm that:

I am a member in good standing of the bar of every jurisdiction to which I am admitted to practice.

I have read and will abide by the Local Rules of the United States District Court for the Northern District of Indiana, including Appendix B: Standards for Professional Conduct Within the Seventh Federal Judicial Circuit.

I declare under penalty of perjury that the statements in this application are true and correct.

Dated: [August 2, 2017]

_____
Signature of Applicant

Considered and approved.

SO ORDERED.

Dated: _____                    _____

                                                                   Judge, U. S. District Court

Revised 06/05/2013

CERT #        257895
SUPREME COURT OF NY
APPELLATE DIVISION
2ND JUDICIAL DEPT

REG  07-18-2017(TUE) 08:43
C08        MC#01      000002

1 CERT OF ADMISSIN    $5.00
   TL          $5.00
   CASH        $5.00



# Appellate Division of the Supreme Court
## of the State of New York
## Second Judicial Department

I, **Aprilanne Agostino,** Clerk of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, do hereby certify that **Gillian Thomas** was duly licensed and admitted to practice as an Attorney and Counselor-at-Law in all the courts of the State, according to the laws of the State and the court rules and orders, on the **28th** day of **September 2005,** has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors-at-Law on file in my office, has duly registered with the administrative office of the courts, and according to the records of this court is in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand and affixed the seal of said Appellate Division on July 18, 2017.

**Clerk of the Court**



August 2, 2017

**GILLIAN THOMAS**
*Senior Staff Attorney*
T/212.284.7356
F/212.549.2580
gthomas@aclu.org

*VIA ELECTRONIC MAIL*

Mary Rouse
Attorney Admissions Clerk
United States District Court for the Northern District of Indiana
Mary_Rouse@innd.uscourts.gov

**AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION**
WOMEN'S RIGHTS PROJECT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2644
F/212.549.2580
WWW.ACLU.ORG

**OFFICERS AND
DIRECTORS**
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

     Re: Gillian Thomas *pro hac vice* application
     <u>Hills v. AT&T Mobility Services Corp., et al.</u>, No. 3:17-cv-00556

Dear Ms. Rouse,

   It has come to my attention that the Pennsylvania bar is unable to issue me a Certificate of Good Standing in support of my *pro hac vice* application to the Northern District, in connection with the above-referenced case.  I have been told I am under "administrative suspension," a status of which I was unaware.  Apparently, this suspension stems from my failure to pay an annual "inactive fee" of $70, a fee that was initiated beginning in 2010, when the Supreme Court of Pennsylvania adopted a series of procedural changes applicable to inactive attorneys.

   I practiced in Pennsylvania from 1998 until 2004, when I relocated to New York and allowed my attorney registration in Pennsylvania to lapse. Until I learned about this suspension in the course of seeking my Certificate of Good Standing, I had no idea that the fee had been levied for remaining in inactive status, much less that I had been placed on suspension for nonpayment of that fee.  I will immediately take steps to lift the suspension and to resign from the Pennsylvania bar.  I will forward proof of that action for the Northern District's records.

   Please do not hesitate to contact me with any further questions about this matter.  My apologies for the inconvenience in processing my application, and thank you for your continued assistance with this matter.

Sincerely,

Gillian Thomas
Senior Staff Attorney
Women's Rights Project

Enclosure

# The Disciplinary Board
of the Supreme Court of Pennsylvania

# New Procedures for Attorneys Acquiring Inactive or Retired Status

## Acquiring Inactive Status

In an attempt to streamline the process and expedite reinstatement, the Supreme Court of Pennsylvania recently adopted a series of changes regarding the procedure for attorneys wishing to become inactive.

If you are licensed to practice in Pennsylvania and voluntarily become inactive for any reason other than retirement, you must pay an inactive annual fee of $70 effective for the 2009-2010 assessment year. You will also be removed from the roll of those classified as active. Previously, there was no inactive annual fee.

If you fail to pay the $70 inactive annual fee and file the 2009-2010 Attorney Annual Fee form, it will result in an order placing you on administrative suspension. If you are administratively suspended and would like to be reinstated, you must pay a $300 reinstatement fee, late payment penalty, and the registration fee for the year of your administrative suspension, even if the administrative suspension occurred less than three years earlier.

If you request to be inactive, and later choose to return within the same year you became inactive, you will need to pay the difference of the annual active fee and the inactive annual fee ($130.00 for 2009-2010). Should you choose to be inactive for more than three years, and then return to practice law, you must petition for reinstatement.

The following are exempt from the Inactive Annual Fee:

- Justices or judges serving in the following Pennsylvania courts of record shall be exempt for such time as they serve in office: Supreme, Superior, Commonwealth, Common Pleas, and Philadelphia Municipal; and justices or judges serving an appointment for life on any federal court;
- retired attorneys; and
- military attorneys holding a limited certificate of admission issued under Pa.B.A.R. 303 (relating to admission of military attorneys).

The exemption does not include Philadelphia Traffic Court judges, Pittsburgh Municipal Court judges, magisterial district judges, arraignment court magistrates or administrative law judges.

## Acquiring Retired Status

By requesting retired status, it is assumed that you will no longer practice law in Pennsylvania. Retired status can be filed regardless of age or whether you're practicing elsewhere.

The $70 inactive fee does not apply to retirees. If you choose to retire, you may complete the 2009-2010 Attorney Annual Fee form or submit an application for retirement with the Attorney Registration Office. Upon transmission of the application to the Supreme Court, the Court shall enter an order transferring you to retired status, and you shall no longer be eligible to practice law in Pennsylvania.

If you retire and later seek to resume active status within three years, you will be required to pay the annual active fee for the three most recent years or such shorter period in which you were on retired status, instead of the amount paid by an inactive attorney seeking reinstatement.

If you are on retired or inactive status, you may not engage in activities that constitute practice as a Pennsylvania lawyer. You may not advise clients as to Pennsylvania law, contact third parties or courts in a representative capacity, file any document with a court on behalf of another, or work in a position which requires you to be a lawyer in good standing.

The recent changes adopted by the Court also help streamline the reinstatement of attorneys who have been inactive for more than three years. The review time is significantly shortened if the Disciplinary Counsel does not oppose a petition. Also, there will be no need to personally appear for a reinstatement hearing.

An additional change in the rules clarifies that the Attorney Registration Office, rather than the AOPC, is the appropriate place for the collection of assessment forms and fees.

For more details on procedure changes, visit the Disciplinary Board of the Supreme Court of Pennsylvania's Web site at **http://www.padisciplinaryboard.org/attorneys/faqs/ (http://www.padisciplinaryboard.org/attorneys/faqs/)** .

©2007-2017 The Disciplinary Board of the Supreme Court of Pennsylvania. | **Disclaimer** | **DB ADA Policy**

For questions or comments regarding the website, please contact us at **web.support@pacourts.us.**