# Exhibit K

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

_____

KATIA HILLS,                                     )
                                                 )
                                                 )
                                                 )
        Plaintiff,                       )        Civil No. 3:17-cv-00556-JD-MGG
v.                                               )
                                                 )
AT&T MOBILITY SERVICES LLC                       )
a/k/a AT&T MOBILITY LLC and                      )
AT&T SERVICES, INC.,                             )
                                                 )
        Defendants.                      )
_____          )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

     Plaintiff Katia Hills ("Hills" or "Plaintiff"), by and through her undersigned counsel,

hereby serves her First Request for Production of Documents on Defendants AT&T Mobility

Services LLC a/k/a AT&T Mobility LLC ("AT&T Mobility") and AT&T Services, Inc. ("AT&T

Services") (collectively, "AT&T") pursuant to Federal Rule of Civil Procedure 34, the Local

Rules of this Court, and the definitions and instructions below. Plaintiff requests that

Defendants' responses be sent electronically to Plaintiff's Counsel of Record within 30 days

from the date of service hereof.

**DEFINITIONS**

     The definitions below apply to Plaintiff's document requests. In the event of any

confusion or ambiguity, common usage and reference to any cited rules, statutes, or regulations

should be used to provide the broadest interpretation of the term in question:

     1.     "Document(s)" is a broadly inclusive term as defined in Federal Rule of Civil

Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this

term. This term includes electronically stored information.

2.      "Communicate(s)" or "Communications" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise. It includes written and oral transmissions.

3.      "Person(s)" means any natural person or any business, legal, or governmental entity or association.

4.      "Identifying information" with regard to current or former employees includes last known mailing address, last known phone number, and last known email address.

5.      "Personnel File" includes any file, collection of documents, or other forms in which information is stored concerning an individual employee. It includes all such collections of documents, regardless of the names given them by AT&T, including information on: work history, job titles, job descriptions, promotions, demotions, compensation; performance evaluations, disciplinary and commendation records, attendance records, absence requests and accompanying documentation, points, complaints, charges, or grievances by or against any person, and the responses to such complaints, charges, or grievances.

6.      "Policy" or "policies" is used in the broadest sense and includes informal and formal policies, practices, guidelines, and/or procedures. "All policies" or "all of Defendants' policies" means every informal and formal policy, practice, guideline, and/or procedure and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts.

7.      "Defendants," "you," and "your" means AT&T Mobility and AT&T Services (collectively, "AT&T") and any predecessors, successors, parents, subsidiaries, related entities, and any local, regional, national, executive and foreign offices, affiliates, divisions or branches thereof, any present or former partners, officers, directors, owners, shareholders, employees,

consultant, attorneys, accountants, advisors, and/or agents of AT&T, and/or any other person acting or purporting to act on behalf of AT&T.

8.     "SAG policy" refers to the Sales Attendance Guidance or Guidelines policies, or versions or drafts of such policies.

9.     "CAG" refers to the Centralized Attendance Group.

10.     "Plaintiff" refers to Katia Hills.

11.     The "Elkhart store" refers to the AT&T store at 2707 Cassopolis Street in Elkhart, Indiana.

12.     The "Great Lakes market" refers to the AT&T organizational unit within which the Elkhart store operated.

13.     The term "Plaintiff's district" refers to the AT&T organizational unit within which the Great Lakes market operated.

14.     The term "Plaintiff's region" refers to the AT&T organizational unit within which Plaintiff's district operated.

15.     "This matter" means Plaintiff's claims against Defendants, the charges filed with the U.S. Equal Employment Opportunity Commission, this litigation, and Defendants' defenses.

16.     When the term "identify" is used in relation to a document, the term shall include: (1) the location of the document and its custodian or possessor; (2) the identity of the maker or author of the document; (3) the identity of the person(s) to whom the document was directed; (4) the date on which the document was made or prepared; and (5) if a book, journal, manual or other publication, its name and publisher and the volume, date, issue and pages in which the document appears.

17.     "Relating to" means concerning, referring to, relating to, describing, stating, evidencing, constituting, compromising, containing, consisting of, setting forth, proposing, showing, disclosing, embodying, discussing, analyzing, studying, explaining, noting, reflecting, authorizing, pertaining to, recording, memorializing, or mentioning (directly or indirectly).

18.     The terms "and" and "or" shall be construed either disjunctively or conjunctively in an inclusive manner to bring within the scope of these requests and documents that might otherwise be construed to be outside their scope. The use of the singular form of any word includes the plural and vice versa. The masculine shall be deemed to include the feminine and vice versa. The use of any tense of any verb shall be considered to also include within its meaning all of the tenses of the verb so used. "Including" is used merely to illustrate a request for certain types of information, and it should not be construed as limiting the request in any way.

19.     The terms "all" and "each" shall both be construed inclusively as "all and each."

## GENERAL INSTRUCTIONS

The following instructions apply to each and every request for production of documents:

1.     You are required, in responding to these requests, to produce all responsive documents that are in your possession, custody, or control or the possession, custody, or control of any person acting on your behalf. A document shall be deemed within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document, or if as a practical matter you have been able to use or access such document when you sought to do so.

2.     To the extent the parties reach agreement on a protocol for the production of electronically-stored information ("ESI") or other materials ("ESI Protocol"), the terms of that

agreement will control the production of whatever categories of documents are covered by the ESI Protocol. To the extent the parties do not reach agreement on an ESI Protocol, the below Instructions shall apply. In any event, the following Instructions shall apply to the production of whatever categories of documents are not covered by the ESI Protocol.

3.    You must produce a copy of the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and organized in the same manner as the original (to the extent this is known). Any alteration of a document—including any marginal notes, handwriting, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final document—is a separate and distinct document and must be produced.

4.    You shall produce responsive documents in the order they are kept in the usual course of business, or in such manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

5.    Unless otherwise indicated, the time period covered by the document requests is January 1, 2010 through July 31, 2015. This period is referred to as the "relevant time period."

6.    Regardless of any verb tense used in the document requests, these requests are intended to cover all documents in existence or effect at any time during the relevant time period. That is, in the event that the documents responsive to the attached request have changed over the time period for which the request has been made, produce all responsive documents even if they reflect policies that are no longer in effect.

7.    Documents attached to each other should not be separated.

8.      Plaintiff requests Defendants identify the person or persons having custody of the documents produced ("the custodian") by describing each person's title, department, address, and telephone number (including area code), email address and state the number(s) of each request for production of documents for which that person furnished information. Additionally, for clarity, the Bates ranges of produced documents should identify the custodian of the document.

9.      All documents produced in response to this Request shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

10.     If you object to any of these requests, state your specific objection and clearly indicate whether you are complying with the request notwithstanding your objection, pursuant to the requirements of Federal Rule of Civil Procedure 34(b)(2)(B). If your objection goes to only part of the request, produce all documents that do not fall within the scope of your objection and respond to the remainder of the request to which you do not object. If you object to any request on the ground of overbreadth, you shall respond to the request as narrowed to conform to your objection within the time period allowed for a response.

11.     If you consider any document request ambiguous, set forth the matter that you consider "ambiguous" and the construction selected or used in answering it.

12.     If there are no documents in response to a particular request, state so in writing.

13.     If any responsive document was at any time, but is no longer, in your possession or subject to your control, state: (a) whether the document is destroyed, lost, or transferred to others and, if so, to whom; (b) the circumstances surrounding the disposition of the document and the date of its disposition; and (c) the name and address of the person(s) last known to be in possession, custody, or control of such document.

14. If any documents or parts of documents called for by these requests have been destroyed, discarded, or otherwise disposed of, you should produce a copy of your document retention policy applicable during the relevant time period and provide a list setting forth as to each such document the following information:

    a.   The nature of the document, e.g., letter, memorandum, etc.;

    b.   The name, address, occupation, title, and business affiliation of each person who prepared, received, viewed, has knowledge of the contents of, or had possession, custody, or control of the document;

    c.   The date of the document;

    d.   The identification number of the document, if any;

    e.   A description of the subject matter of the document;

    f.   The date of destruction or other disposition;

    g.   A statement of the reasons for destruction or other disposition;

    h.   The name, address, occupation, title, and business affiliation of each person who authorized destruction or other disposition;

    i.   The name, address, occupation, title, and business affiliation of each person who destroyed or disposed of the document; and

    j.   The request or requests to which the document is responsive.

15. If you contend or believe that a privilege or other protection enables you to withhold any document sought by a request, you must produce a log containing the following information: (i) the nature of the privilege or protection claimed; (ii) the nature and identity of the attorney (or other appropriate party) with respect to whom the privilege or protection is claimed; (iii) the basis for claiming the privilege or protection as to the specific information or document involved in a manner that, without revealing information itself privileged or protected, will enable the non-producing party, to assess the claim; (iv) each person who has knowledge of

such information or to whom such information has been communicated in any way at any time; and (v) the following information about the purportedly privileged document:

     a.   The author, primary addressee, and secondary addressee or persons copied, including the relationship of those persons to any party in this litigation and/or author of the document;

     b.   A brief description sufficient to identify the type, subject matter, and purpose of the document;

     c.   All persons to whom its contents have been disclosed;

     d.   The date the document was prepared, the date the document was sent, and the date the document was received; and

     e.   Other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5).

     16.    If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted. For each such document, please provide a redaction log identifying: (a) the nature of the privilege or protection claimed; (b) the nature and identity of the attorney (or other appropriate party) with respect to whom the privilege or protection is claimed; (c) a brief description sufficient to identify the type, subject matter, and purpose of the redacted information; (d) the basis for claiming the privilege or protection as to the specific information involved in a manner that, without revealing information itself privileged or protected, will enable the non-producing party to assess the claim; (e) each person who has knowledge of such information or to whom such information has been communicated in any way at any time; and (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5) and the Court's local rules.

17.     If any document request cannot be fully responded to, respond to the extent possible, state the reason for the inability to produce documents responsive to the remainder, and produce whatever documents you have regarding the answered portion.

18.     These requests for production are continuing in nature and you are required to supplement your responses to these requests in a continuing and timely manner. Accordingly, if you obtain or become aware of additional information or responsive documents at any time after serving a response, you are required to promptly serve a further response supplementing or revising your initial response and provide such additional responsive documents.

## DOCUMENT REQUESTS

1.     Plaintiff's full employment record with AT&T, from the beginning of her employment, including the following:

   a.   Her personnel file, or any other file(s) in the nature of a personnel file;

   b.   Human resources records regarding Plaintiff;

   c.   Hire date and termination date;

   d.   Attendance records;

   e.   Pay records;

   f.   Documents that reflect or relate to any personnel action or decision, including promotion, discipline, coaching, counseling, performance evaluation, termination, training, and job titles or changes to job titles, including promotions, demotions, and transfers;

   g.   Job descriptions for all positions held by Plaintiff during her employment;

   h.   Communications and documents relating to Plaintiff's pregnancy, pregnancy-related medical conditions, and/or disability;

   i.   Documents relating to requests for leave or excused absences, including Plaintiff's efforts to appeal or reverse the imposition of points for "unexcused" absences or communications with managers regarding absences, including but not

limited to communications logged on the AT&T MyWorkLife application (the "app");

j.   Documents relating to all points accrued by Plaintiff prior to her termination;

k.   Documents related to Plaintiff's sexual harassment complaints and any investigation of those complaints; and

l.   Documents related to Plaintiff's family medical leave.

2.   Documents sufficient to show the names and job titles of every employee in the Elkhart, Indiana store, each employee's termination date (if any), and the reason for that employee's termination (if any).

3.   Documents sufficient to show the names and job titles of every employee in all other stores in Plaintiff's region, each employee's termination date (if any), and the reason for that employee's termination (if any).

4.   Full employment records, as described in Request 1, for the following individuals:

(a) Dion McGlown;

(b) Gregory Roberts;

(c) Nathan Hills; and

(d) Mike Paradine.

5.   All documents relating to training sessions for employees in Plaintiff's region at any time between October 2014 and July 2015 concerning DirecTV, including but not limited to the purpose of such training; the name, job title, and store location for all employees required to participate in such training; documents reflecting any employee's request to reschedule and/or be excused from such training, and Defendants' response to each such request; and documents reflecting whether and when each employee completed the training.

6.      All Employer Information "EEO-1" forms Defendants have prepared and provided to the EEOC at any and all times during the relevant time frame.

7.      All communications, formal or informal, by or between Defendants and any agent and/or affiliate thereof including, without limitation, Dion McGlown, Gregory Roberts, Kelly Marcum, Heather Miller, Kimberly Hinshaw, Jason Jenkins, Brian West, Virginia Forbes, personnel of the AT&T Integrated Disability Service Center ("IDSC"), personnel of AT&T FMLA Operations, personnel of the AT&T Hotline, and any other person(s) about Plaintiff and/or Nathan Hills, or related in any way to the facts and circumstances alleged in Plaintiff's Complaint, from the start of her employment through the present.

8.      All versions of the AT&T IDSC Guide(s).

9.      All documents relating to use AT&T OneStop, including but not limited to the OneStop IVR system, including instructions for use, documentation of resources or tools available through AT&T OneStop, and policies or guidelines for use of AT&T OneStop.

10.     All documents relating to use of the MyWorkLife app, including instructions for use, documentation of resources or tools available through the app, and policies or guidelines for use of the app.

11.     All documents relating to use of AT&T's Hotline, including instructions for use, documentation of resources or tools available through the Hotline, and policies or guidelines for use of the Hotline.

12.     Organizational charts or lists that identify or describe Defendants' corporate structures and the individuals who occupy the senior management positions therein, including any such documents that show human resources functions, implementation of the SAG policy, and the CAG.

13.     Organizational charts or lists that identify or describe the governance structure of AT&T Mobility, including Plaintiff's region, Plaintiff's district, and the Great Lakes market, and the individuals who occupied the positions therein, including any such documents that show human resources functions, implementation of the SAG policy, and the CAG.

14.     All corporate, divisional or regional documents or organizational charts that describe the structure of retail operations in Plaintiff's region, Plaintiff's district, and the Great Lakes market.

15.     All corporate, divisional, or regional documents or policies that describe management schedules and/or staffing patterns for retail operations in Plaintiff's region, Plaintiff's district, and the Great Lakes market.

16.     All manuals, guidelines, handbooks, or policy documents that describe or discuss employment policies or practices in retail operations in Plaintiff's region, Plaintiff's district, and the Great Lakes market, including policies or practices relating to attendance, the SAG policy, job accommodations, equal employment opportunity, pregnancy, disability, family and medical leave, and employee breaks.

17.     All documents, including policies and practices, guidance or guidelines, or instructions relating to implementation or administration of the SAG policy or any other attendance policy for retail employees in the Plaintiff's region, Plaintiff's district, and the Great Lakes market—including the assignment of points; exceptions to the policy; or bases for excused absences; instructions for how to obtain an excused absence; how to address pregnancy, pregnancy-related conditions or caregiving; how to address disability; how to address family and medical leave; notification of employees regarding administration of attendance policies; policies, practices or procedures for tracking the administration of attendance policies; policies,

practices or procedures to appeal decisions made pursuant to attendance policies, including the removal of points; and the names, job titles, and store locations of all employees or managers with responsibility for administering attendance policies.

18.    All documents relating to the CAG, including its development or creation, membership, roles and responsibilities, and applicable policies, guidelines or guidance.

19.    All versions of Defendants' anti-discrimination policies, including but not limited to their sexual harassment policy and their policy against retaliation, including drafts, and current and former versions.

20.    All documents relating to implementation or administration of the anti-discrimination policies in Plaintiff's region, Plaintiff's district, and the Great Lakes market—including instructions for how to file a complaint; forms for filing such complaints; notification to employees regarding anti-discrimination policies and practices; policies, practices or procedures for tracking and investigating discrimination complaints; policies, practices or procedures to appeal decisions made pursuant to the anti-discrimination policies; and the job titles of all employees or managers with responsibility for administering the anti-discrimination policies.

21.    All documents constituting or describing Defendants' personnel management or human resources policies and practices in retail operations in Plaintiff's region, including attendance, performance evaluations, discipline or coaching, lateral movements or transfers, and training.

22.    All documents constituting or describing Defendants' policies and practices in retail operations in Plaintiff's region with respect to part- or flex-time schedules.

23.     All documents that refer or relate to policies of Defendants in Plaintiff's region Plaintiff's district, and the Great Lakes market regarding family and medical leave, including but not limited to interference with such leave or retaliation for taking such leave.

24.     All documents that specify or reflect the manner in which all personnel policies and procedures applicable to retail employees in Plaintiff's region, described in Request No. 16 are disseminated, monitored, and enforced.

25.     All documents relating to any training conducted by, or on behalf of, Defendants for employees or supervisors concerning the personnel policies and procedures applicable to retail employees in Plaintiff's region, described in Request No. 16.

26.     All documents constituting guidelines or instructions for Plaintiff's region for handling complaints of  discrimination, including pregnancy and disability discrimination, sexual harassment, retaliation, and interference with or retaliation for taking family and medical leave.

27.     To the extent not provided in response to Request 26, all documents constituting guidelines or instructions for Plaintiff's region for conducting internal investigations of complaints of discrimination, including pregnancy and disability discrimination, sexual harassment, retaliation, and interference with or retaliation for taking family and medical leave.

28.     All documents relating to any training employees or supervisors in Plaintiff's region conducted by or on behalf of Defendants about discrimination, including pregnancy and disability discrimination, sexual harassment, retaliation, and family and medical leave.

29.     All documents that define, describe, explain, or relate to the job qualifications and requirements, job duties and responsibilities, including all job descriptions, of employees in Plaintiff's region, including managers.

30.     All guidelines, instructions or requirements related to performance standards and policies and procedures for implementing, training, and enforcing performance standards in Plaintiff's region.

31.     Any documents reflecting or relating to any study, analysis or self-evaluation of the procedures or guidelines used to make determinations in Plaintiff's region regarding excused and unexcused absences under the SAG or any other attendance policies, including employment consequences arising from such determinations (i.e., terminations and/or transfers).

32.     All documents, including non-privileged memos or communications, comprising or relating to any and all complaints, charges, or court complaints by employees in Plaintiff's region alleging discrimination, including those for pregnancy or disability discrimination, sexual harassment, retaliation, or interference with or retaliation for taking family and medical leave, including documents relating to the investigation or resolution of such complaints and any summaries and evaluations of such complaints.

33.     Any logs of the complaints described in Request 32.

34.     All documents, including non-privileged memos or communications, comprising or relating to any and all complaints, charges, or court complaints by employees in Plaintiff's region challenging application of the SAG policy and absences arising from pregnancy, disability, or serious medical condition, including documents relating to the investigation or resolution of such complaints and any summaries and evaluations of such complaints.

35.     Any logs of the complaints described in Request 34.

36.     All documents that describe email or intranet systems used in Plaintiff's region, including those used between management and employees in Defendants' retail stores.

37.     Any documents discussing utilization or underutilization of female employees or plans or goals to change the utilization of female employees in Plaintiff's region.

38.     Any data in electronic, machine-readable form regarding the individuals who work or worked as employees in Plaintiff's region. The data should include their full employment history for all prior years at Defendants, and for each such person include the following:

a.   name;

b.   employee identification number;

c.   employee date of birth;

d.   dates of employment, including hire date, re-hire date, leave dates, termination date, and codes;

e.   reason for termination, including nature of determination (i.e., whether voluntary or involuntary);

f.   job titles/positions, including any changes to job title, including promotions and demotions;

g.   transfers;

h.   performance or merit reviews or evaluations, including dates of such evaluation and scores;

i.   disciplinary actions, counseling, or warnings;

j.   individual sales;

k.   compensation rate and commissions by pay period;

l.   payroll information, showing gross total earnings by pay period, as well as the individual components of gross total earnings, including but not limited to base pay, variable pay, and any other type of compensation by pay period;

m.   all rates of pay, including base compensation and any rate of variable or other compensation, along with any other information regarding the reason(s) for said changes and the association of said changes with any review or evaluation system;

n.   current or last known address;

o.   current or last known telephone number;

p.   current or last known email address;

q.   last four digits of social security number;

r.   gender;

s.   location where employed, including both geographical location and organizational location (e.g., region or district);

t.   absences/tardies/early departures (hereafter "absences") recorded, including date(s) of each absence, any category or classification of each absence (e.g. whether excused, unexcused; and if excused the particular category of excuse accepted), any record of the reason for such absence (i.e. whether due to scheduled vacation, illness, on-the-job injury, pregnancy, etc.), whether an "excused absence" was sought, any category or classification of each request for an "excused absence" and whether such request was granted or denied, whether any "points" were imposed for the absence, and how many points were charged;

u.   record of attendance "points" charged to the individual, any disciplinary action taken based on those points, the date of such action, what type of disciplinary action was taken, and when points expired;

v.   any challenges or appeals of the imposition of points and the outcome of any appeal or challenge;

w.   whether the individual made a formal or informal request for leave, including intermittent leave, under the Family and Medical Leave Act (FMLA). For each such individual, provide the following additional information:

    i.   date of the request;

    ii.   basis for the request (such as pregnancy, other medical condition, disability, on-the-job injury);

    iii.   whether the requesting employee provided relevant documents from a medical practitioner at any point;

    iv.   whether the requested leave was granted;

    v.   the names, job titles, and job descriptions of the persons or entities making, reviewing or approving the decision whether to grant or deny the leave;

  vi. date of the decision to grant or deny the leave;

  vii. whether the employee qualified for workers' compensation or short-term disability benefits;

  viii. communications between the employee and Defendants; and

  ix. whether the employee had a disability or was categorized as having a disability.

 x. whether the individual made a formal or informal request for accommodation or assistance as a result of disability or medical condition (including pregnancy). For each such individual, provide the following additional information:

  i. date of the request;

  ii. basis for the request (such as pregnancy, other medical condition, disability, on-the-job injury);

  iii. type of accommodation or assistance requested;

  iv. whether the requesting employee provided relevant documents from a medical practitioner at any point;

  v. whether the requested accommodation or any other assistance was granted;

  vi. the names, job titles, and job descriptions of the persons or entities making, reviewing or approving the decision whether to grant or deny the accommodation or assistance;

  vii. date of the decision to grant or deny the request;

  viii. whether the employee qualified for workers' compensation or short-term disability benefits;

  ix. communications between the employee and Defendant; and

  x. whether the employee had a disability or was categorized as having a disability.

39. Documents sufficient to interpret any human resource, attendance, or other

databases from which Defendants produces any data in this litigation, including a list of all fields

in the databases used, a description of the information collected in each field, the definition and

purpose of each field, the meaning of any codes or abbreviations used, and the formatting of

specific fields (i.e., how time and date entries should be read).

40.     List of AT&T Mobility stores in Plaintiff's region, including address and/or location,

that uses or has used the SAG Policy.

41.     All documents that define or describe Defendants' document and data retention

policies and practices in Plaintiff's region.

42.     All documents that define or describe Defendants' document and data retention

policies and practices in the Great Lakes market, to the extent they differ from those in Plaintiff's

region.

43.     Organizational charts that identify employees responsible for information

technology or electronic information in Plaintiff's region.

44.     Organizational charts that identify employees responsible for information

technology or electronic information in the Great Lakes market.

45.     Documents sufficient to identify the physical location of all employment records

and other documents relevant to this matter, including but not limited to each document

produced pursuant to each of these document production requests.

46.     All witness statements obtained by Defendants in this action.

47.     All documents obtained by Defendants as a result of or in response to any

subpoenas served in this action.

48.     All documents referenced in Defendants' Rule 26 Initial Disclosures.

49.     All documents relied upon by Defendants in responding to Plaintiff's First Set of

Interrogatories or identified in or relating to those responses.

50.     All Documents that support, rebut, or otherwise relate to any of the allegations or claims in Plaintiff's Second Amended Complaint.

51.     All Documents used or consulted by Defendants in answering Plaintiff's Second Amended Complaint.

52.     All Documents that support, rebut, or otherwise relate to any of Defendants' Answers and Affirmative Defenses to Plaintiff's Second Amended Complaint.

Dated: September 16, 2019.

_/s/ Gillian L. Thomas_
Gillian Thomas*
American Civil Liberties Union
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY  10004
Telephone: (212) 284-7356
gthomas@aclu.org

Joseph M. Sellers*
Kalpana Kotagal*
Harini Srinivasan*
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, Suite 500
Washington, DC 20005
Telephone:  (202) 408-4600
jsellers@cohenmilstein.com
kkotagal@cohenmilstein.com
hsrinivasan@cohenmilstein.com

Lynn A, Toops, No. 26386-49
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone:  (317) 636-6481
ltoops@cohenandmalad.com

_Counsel for Plaintiff_

*admitted _pro hac vice_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2019, I served a copy of the foregoing *Plaintiff's*

*First Request for Production of Documents* on counsel of record via first class mail and e-mail at

the following addresses:

Kenneth W. Gage
Alison M. Lewandoski
Brian M. Hayes
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-318-6000
kennethgage@paulhastings.com
alisonlewandoski@paulhastings.com
brianhayes@paulhastings.com

Alex J. Maturi
Paul Hastings LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: 312-499-6076
alexmaturi@paulhastings.com

*Counsel for Defendants*


Dated: September 16, 2019                    */s/Gillian Thomas*
                                             Gillian Thomas
                                             Counsel for Plaintiff