IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATIA HILLS,<br><br>        Plaintiff,<br><br>  -against-<br><br>AT&T MOBILITY SERVICES LLC a/k/a<br>AT&T MOBILITY LLC,<br><br>        Defendant. | Civil No.: 3:17-cv-00556-JD-MGG |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, by counsel, and pursuant to Fed. R. Civ. P. 56(a), N.D. Ind. L.R. 56-1(a), and N.D. L.R. 7-1(a), hereby moves for partial summary judgment as to liability against Defendant AT&T Mobility Services LLC a/k/a AT&T Mobility LLC ("AT&T") on her First Cause of Action (Disparate Treatment Because of Sex (Pregnancy)), reserving for trial the issues of AT&T's liability on her Second Cause of Action (Disparate Treatment Because of Sex (Harassment)), Third Cause of Action (Failure to Provide a Reasonable Accommodation), Fourth Cause of Action (Interference in Violation of the FMLA), and Fifth Cause of Action (Retaliation in Violation of the FMLA), as well as damages (including punitive damages).

The undisputed facts establish that AT&T's Sales Attendance Guidelines policy ("SAG policy"), on its face, violates the Pregnancy Discrimination Act ("PDA"). The PDA demands that pregnant workers be treated "the same" as non-pregnant people "similar in their ability or inability to work." But the SAG policy, which imposes demerits in the form of "points" or

fractions of points for any absence beyond 5 minutes – and fires the employee when they reach 8 points – punishes pregnant workers more harshly than non-pregnant workers.

While multiple other categories of absence, from jury duty to bereavement leave to disability accommodation, are automatically "excused," and therefore spared points, pregnancy-related absences are not automatically excused. The *only* way for pregnancy-related absences to be excused, and therefore spared punishment, is for pregnant workers to shoehorn themselves into another category of excused absence – all of which impose independent eligibility requirements that leave many pregnant workers, including Plaintiff, without *any* access to an excused absence: leave under the FMLA (available only to those who have worked full-time for one year); leave as an accommodation under the Americans with Disabilities Act (available only to those who have a disability, which pregnancy – absent complications – is not); or leave under AT&T's short-term disability policy (available only to those needing to be absent for 7 or more consecutive days).

There is no genuine issue of fact that, due to these eligibility criteria, *Plaintiff was ineligible to have any pregnancy-related absences excused for most of her pregnancy*. In contrast, during the same time period, Plaintiff's co-workers' absences due to disability, jury duty, and bereavement, among others, were eligible to be automatically excused. There also is no genuine issue of material fact that, during the period that Plaintiff was *per se* ineligible for excused absence, she incurred points due to pregnancy. And there is no genuine issue of material fact that, but for those points, AT&T would not have fired Plaintiff in July 2015.

2

AT&T has not provided *any* justification for refusing to excuse pregnancy-related absences on the same terms as it excuses absences for reasons other than pregnancy, in violation of the PDA's express equal-treatment mandate.

Accordingly, and for the reasons detailed in Plaintiff's contemporaneously-filed Memorandum of Law, this Court should grant partial summary judgment as to Defendant's liability for Plaintiff's First Cause of Action.

Date: November 15, 2021                                          Respectfully submitted,

*/s/ Gillian Thomas*
Gillian Thomas*
Lindsey Kaley*
American Civil Liberties Union
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 284-7356
Tel: (212) 519-7823
gthomas@aclu.org
lkaley@aclu.org

Lynn A. Toops, No. 26386-49
Lisa LaFornara, No. 35280-53
Cohen & Malad LLP
One Indiana Sq. Ste. 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenandmalad.com
llafornara@cohenandmalad.com

Joseph M. Sellers*
Kalpana Kotagal*
Harini Srinivasan*
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., Suite 500
Washington, DC 20005
Tel: (202) 408-4600
jsellers@cohenmilstein.com
kkotagal@cohenmilstein.com
hsrinivasan@cohenmilstein.com
posadebe@cohenmilstein.com

*Counsel for Plaintiff Katia Hills*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I caused the foregoing *Plaintiff's Partial Motion for Summary Judgment* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/Gillian Thomas*
Gillian Thomas