# EXHIBIT 24

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| **KATIA HILLS,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**AT&T MOBILITY SERVICES LLC a/k/a AT&T MOBILITY LLC,**<br><br>    **Defendant.** | **Civil No.: 3:17-cv-00556-JD-MGG** |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 34 and Civil Local Rules 26-1(b) and 26-2(a)(1)(G), Defendant AT&T Mobility Services LLC ("Defendant") hereby answers, objects, and otherwise responds to Plaintiff Katia Hills's ("Plaintiff's") Third Set of Interrogatories (the "Interrogatories") as follows:

**DEFENDANT'S PRELIMINARY STATEMENT**

Defendant has not completed its investigation relating to this action and has not completed preparation for trial. Facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to Plaintiff's Interrogatories. The following responses are based on Defendant's knowledge, information and belief at this time and are complete as to Defendant's best knowledge at this time. Defendant assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. Furthermore, these responses were prepared based on Defendant's good faith

interpretation and understanding of the individual Interrogatories and are subject to correction for inadvertent errors or omissions, if any.

Defendant reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses. In addition, Defendant assumes no obligation beyond those imposed by the Federal Rules of Civil Procedure to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence and documentation, which hereinafter may be discovered.

### DEFENDANT'S GENERAL OBJECTIONS TO PLAINTIFF'S DEFINITIONS, GENERAL INSTRUCTIONS, AND INTERROGATORIES

1. Defendant objects to the "Definitions" and "Instructions" contained in or incorporated into Plaintiff's Interrogatories to the extent that they purport to impose on Defendant any duties beyond those required under the Federal Rules of Civil Procedure.

2. Defendant objects to the "relevant time period" suggested in Plaintiff's Definitions and Instructions No. 8, as incorporated by reference into the Interrogatories, to the extent that it purports to exceed a reasonable timeframe before the start of and during Plaintiff's employment with Defendant. With respect to Plaintiff's claims, the Reasonable Time Period is October 1, 2012 through July 31, 2015 (the "Reasonable Time Period"), unless an Interrogatory calls for a more limited time frame.

3. Defendant objects to Plaintiff's definition of "identify" as unduly burdensome and oppressive. Defendant further objects to Plaintiff's definitions of "identify" to the extent that it

2

seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure. Defendant further objects to Plaintiff's definition of "identify" to the extent that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's definition of "identify" to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

4. Defendant objects to Plaintiff's Interrogatories as a whole, and to each Interrogatory contained therein, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

5. Defendant objects to Plaintiff's Interrogatories as a whole, and to each Interrogatory contained therein, to the extent that they seek to require Defendant to provide information other than that which may be obtained through a reasonably diligent search of its records.

6. Defendant objects to Plaintiff's Interrogatories as a whole, and to each Interrogatory contained therein, to the extent they seek (a) information, the disclosure of which would constitute an unwarranted invasion of the affected persons' rights of privacy and/or confidentiality; (b) private, privileged, and confidential commercial, financial, and/or proprietary business information.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

## DEFENDANT'S OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each location where employees in the Area could access AT&T Mobility resources, articles, information, guides, trainings, Job Aids, videos, or tools about pregnancy, disability, excused absences, job accommodations, leaves of absence, short-term disability, and federal, state, and municipal laws regarding paid sick leave, pregnancy discrimination, disability discrimination, and family and medical leave, including, but not limited to HROneStop and myCSP.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "location," "resources," and "tools." Defendant further objects to Plaintiffs' definition of "identify" as stated in its General Objection No. 1. Defendant further objects to this Interrogatory on the grounds that it is overbroad and is not relevant or proportional to the needs of this case to the extent that it seeks information regarding locations: (1) not in existence or applicable during the Reasonable Time Period; (2) not available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Interrogatory, Defendant responds that during the Reasonable Time Period, employees could access – at their own initiative and discretion – resources, articles, information, guides, trainings, Job Aids, videos, or tools about excused absences, job accommodations, leaves of absence, short-term disability, and federal, state, and municipal laws regarding paid sick leave, pregnancy discrimination, disability discrimination, and family and medical leave in locations that include, but are not necessarily limited to, the locations described below.

4

| Location | Description |
|---|---|
| HROneStop (website) | HROneStop is an internal intranet site. All employees in Defendant's company-owned retail business ("COR") had access to HROneStop at any time – from home or from work – from their company-owned device as well as any company-owned tablet or computer in their retail store.<br><br>From the HROneStop homepage, employees could search for any human resources related topic of their choosing. For example, an employee could type the word "disability" into the HROneStop search bar, and be directed to a listing of company resources related to that topic. Alternatively, an employee could use the website's pre-set navigation paths to locate a topic of interest. For example: an employee could visit "HROneStop > Time and Attendance > FMLA" to view a listing of company resources related to that topic. Employees could also use the HROneStop website to initiate an online chat with a Customer Care Manager.  Through the chat, employees could engage with a Customer Care Manager, and ask for resources or answers on any human resources related topic. |
| HROneStop (toll-free number) | HROneStop also refers to a toll-free phone number available to any AT&T Mobility employee. From 8a.m. to 6p.m. CT, Monday through Friday, Customer Care Managers were available at the HROneStop toll-free phone number to answer questions related to any of Defendant's human resources policies or practices, including, for example, the process for requesting an excused absence. |
| Integrated Disability Service Center ("IDSC") (toll free number) | The IDSC had a toll-free phone number available to any AT&T Mobility employee. From 7a.m. to 7p.m. CT, Monday through Friday, IDSC representatives were available at the IDSC toll-free phone number to answer questions related to short-term disability and job accommodations, among other topics. |
| myCSP | myCSP is an internal web-based portal with different customizations (or "views") for Defendant's different business channels. All COR employees had access to a Retail-specific view (the "Retail View") in myCSP.<br><br>The myCSP Retail View was used to post periodic updates, announcements, and reminders to COR employees and their managers. For example, myCSP's Retail View was used to announce COR's Sales Attendance Guidelines, changes to the myWorkLife application, and reference guides for employees seeking an excused absence. The myCSP Retail View was also used to make sales-related announcements, such as the launch of a new |

5

| | |
|---|---|
| | product for sale in COR stores. Often, myCSP posts contained hyperlinks or directions that referred COR employees to HROneStop for more detailed information. |
| Personal Learning Experience (PLE) | PLE is an internal web-based portal through which all AT&T Mobility employees could register, access, and view the Company's online training courses and materials. |
| New Hire Onboarding Materials | Upon hire, COR employees participated in new hire onboarding, which consisted of various training and instruction intended to ground the new hire in the business, their job duties, Defendant's policies, and more. During the new hire onboarding process, COR employees were provided with information that included: Defendant's human resources policies; how to access and utilize myCSP and HROneStop; training on Defendant's policy against discrimination, harassment and retaliation; and information on employee benefits and resources. |
| Posters in Defendant's Breakrooms | Defendant adhered to all federal, state and municipal posting requirements including, but not limited to, its obligation to post in a conspicuous location the "EEO is the Law" poster from the U.S. Equal Employment Opportunity Commission. These posters, which notified employees of their legal rights, were posted in the breakroom of Plaintiff's store. |

By way of further response, Defendant refers Plaintiffs to the policy, resource, guidance, and training documents related to excused absences, job accommodations, leaves of absence, and short-term disability that Defendant has produced in response to Plaintiff's First Set of Requests for Production.

**INTERROGATORY NO. 2:**

Describe the role, structure, and location within AT&T Mobility's organizational structure, and identify the membership and/or personnel, during the relevant time period with respect to the Area, of the (1) FMLA Operations team; (b) Job Accommodations team; (3) the Corporate Attendance Team; and (4) Corporate Attendance and Leave Management Team

6

(CALM), and identify the individuals who participated in reviewing Plaintiff's points, discipline, and/or her FMLA requests.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "role," "structure," and "location." Defendant further objects to this Interrogatory on the grounds that it is overly broad and is not relevant or proportional to the needs of this case to the extent that it seeks information regarding employees who did not have any involvement with any action or decision specifically affecting Plaintiff with respect to her claims in this lawsuit.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Interrogatory, Defendant responds as follows:

*The Corporate Attendance and Leave Management Team ("CALM")*

CALM was responsible for processing and reviewing particular matters related to employee attendance and leaves of absence. CALM sat within AT&T's Global Human Resources Services organization. CALM consists of three distinct sub-divisions: the Attendance Operations Team (sometimes referred to as "FMLA Operations"); the Job Accommodations Team; and the Corporate Attendance Team.

*Attendance Operations Team*

During the Reasonable Time Period, the Attendance Operations Team was responsible for processing and reviewing data associated with employee FMLA applications. The Attendance Operations Team reviewed employees' FMLA applications, obtained any necessary and additional documentation, and determined whether to approve or deny the application. The Attendance Operations Team also handled the review and determinations associated with appeals of denied FMLA requests.

7

Based on the best information available, the Attendance Operations Team member(s) whom Defendant believes reviewed Plaintiff's FMLA requests include:

- VV; VV0069 – Veronica Vargas
- MAV – Mary Ann Vera
- RR; RR3279 – Ruben Rivas
- EW; EW1738 – Eric Williams
- TR – Towanna Williams
- AE – Anthony Esquivel
- LF – Laura Felts
- MN – Michelle Navarro
- MH2926 – Marsha Gomez

*Job Accommodations Team ("JA Team")*

During the Reasonable Time Period, the JA Team consisted of ERMs and an Associate Director to whom they reported. When a job accommodation request was not responded to by the business unit, or was denied by the business unit, IDSC would send the job accommodation request to the JA Team. Additionally, if the business unit needed additional support regarding a job accommodation, they could engage the JA Team. The JA Team worked with the appropriate, local manager to reach a decision on the job accommodation request. The decision to approve or deny a job accommodation request ultimately resided with management—regardless of whether the request was processed through Sedgwick or in consultation with the JA Team.

Plaintiff never submitted a job accommodation request; as such, Defendant has no record of any JA Team member having been involved in the review of any job accommodation request made by Plaintiff.

8

*Corporate Attendance Team ("CAT")*

Since its inception in November 2014 and throughout the remainder of the Reasonable Time Period, the CAT consisted of Employee Relations Managers ("ERMs"), led by an Associate Director. CAT ERMs reviewed, approved, provided their advice, and counseled on high-level discipline (i.e., suspensions and terminations) related to attendance at the Company, including terminations under AT&T Mobility's Sales Attendance Guidelines. CAT ERMs were also available to provide advice and counsel to the JA Team regarding the denial of job accommodation requests, and to other human resources groups regarding the denial of short-term disability. Prior to the inception of the CAT in November 2014, the work described in this paragraph was performed by the client-aligned ERM teams.

As reflected on the discipline documentation itself, Gayle Holderfield was the CAT ERM who reviewed Plaintiff's Final Written Warning and Virginia Forbes was the CAT ERM who reviewed Plaintiff's Termination.

**INTERROGATORY NO. 3:**

Identify by title all documents received, whether in hard copy or electronic copy, during new employee training, orientation, and/or "onboarding" for the store-level, non-exempt, non-managerial employees.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "received . . . during new employee training." Defendant further objects to Plaintiff's definition of "identify" as stated in its General Objection No. 1. Defendant further objects to this Interrogatory on the grounds that it is overbroad and is not relevant or proportional to the needs of this case to the extent that it seeks: (1) information regarding new employee training,

9

orientation, and/or "onboarding" for employees other than Plaintiff; or (2) information regarding training, orientation, and/or "onboarding" unrelated to attendance, performance evaluations, discipline, coaching, lateral movements, transfers, discrimination (including pregnancy-related discrimination), retaliation, and investigations of discrimination and retaliation.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Interrogatory, Defendant refers Plaintiff to the RSC Learning Plan regarding Plaintiff's 2014 onboarding to the Retail Sales Consultant role, which identifies by name each training provided during that onboarding, and the relevant available training materials from that onboarding, all of which Defendant has produced in response to Plaintiff's First Set of Requests for Production.

**INTERROGATORY NO. 4:**

Identify the topics listed on the homepages of and/or the tables of contents of HROneStop and MyCSP relating to pregnancy, disability, excused absences, job accommodations, leaves of absence, short-term disability, and federal, state, and municipal laws regarding paid sick leave, pregnancy discrimination, disability discrimination, and family and medical leave.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "topics listed on the homepages and/or the tables of contents." Defendant further objects to Plaintiff's definition of "identify" as stated in its General Objection No. 1. Defendant further objects to this Interrogatory on the grounds that it is overbroad and is not relevant or proportional to the needs of this case to the extent that it seeks information not applicable to Plaintiff. Defendant further objects to this Interrogatory to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Interrogatory, Defendant refers Plaintiff to the formal policies produced in this matter regarding attendance, performance evaluations, discipline, coaching, lateral movements, transfers, discrimination (including pregnancy-related discrimination), retaliation, and investigations of discrimination and retaliation, all of which were available during the Reasonable Time Period on HROneStop, myCSP, or both. Defendant further refers Plaintiff to its response above to the Interrogatory mislabeled as Interrogatory No. 1 in Plaintiff's Third Set of Interrogatories.

Dated: October 15, 2020

Respectfully submitted,

By: /s/ Alex J. Maturi

Alex J. Maturi, admitted *pro hac vice*
(IL. Attorney No. 6309631)
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
312-499-6076 (telephone)
312-499-6176 (facsimile)
alexmaturi@paulhastings.com

Kenneth W. Gage, admitted *pro hac vice*
(NY Attorney No. 2477784)
Brian M. Hayes, admitted *pro hac vice*
(NY Attorney No. 5559299)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
212-318-6000 (telephone)
212-319-4090 (facsimile)
kennethgage@paulhastings.com
brianhayes@paulhastings.com

Christine L. Cedar, admitted *pro hac vice*
(DC Attorney No. 242003)
PAUL HASTINGS LLP

            2050 M Street NW
            Washington, DC 20036
            202-551-1700 (telephone)
            202-551-0432 (facsimilie)
            christinecedar@paulhastings.com

            *Attorneys for AT&T Mobility Services LLC*

## VERIFICATION

The undersigned, Heather Miller, hereby attests that she is an agent of AT&T Mobility Services LLC and that she has reviewed the facts set forth in the foregoing DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES. The undersigned declares under the penalty of perjury that these facts are true and correct, upon information and belief.

Executed on this 14 day of October 2020 in Murphy, Texas.

_____
Heather Miller

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 15th day of October, 2020, I caused the foregoing DEFENDANT'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES to be served upon the following counsel of record via electronic mail:

Gillian L. Thomas
American Civil Liberties Union
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
gthomas@aclu.org

Joseph M. Sellers
Kalpana Kotagal
Harini Srinivasan
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, Suite 500
Washington, DC 20005
jsellers@cohenmilstein.com
kkotagal@cohenmilstein.com
hsrinivasan@cohenmilstein.com

Lynn A. Toops
Vess A. Miller
Cohen & Malad LLP
One Indiana Sq Ste 1400
Indianapolis, IN 46204
317-636-6481
ltoops@cohenandmalad.com
vmiller@cohenandmalad.com

Alex J. Maturi