IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATIA HILLS, <br><br>          Plaintiff, <br><br>     -against- <br><br> AT&T MOBILITY SERVICES LLC a/k/a <br> AT&T MOBILITY LLC, <br><br>          Defendant. | Civil No.: 3:17-cv-00556-JD-MGG |

**DEFENDANT'S MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL AUTHORITY**

Defendant AT&T Mobility LLC ("Defendant") respectfully submits that the Seventh Circuit Court of Appeals' August 16, 2022 decision in *Equal Employment Opportunity Commission v. Wal-Mart Stores East, L.P.*, No. 21-1690, 2022 WL 3365083 (7th Cir. Aug. 16, 2022) ("*Wal-Mart*") controls the resolution of issues raised in the Motion for Partial Summary Judgement (ECF 140) filed by plaintiff, Katia Hills ("Plaintiff"). Therefore, pursuant to Local Rule 56-1(d), Defendant seeks permission to file this supplemental authority.

In *Wal-Mart*,[1] the Seventh Circuit reviewed the U.S. Supreme Court's decision in *Young v. United Parcel Service, Inc.*, 575 U.S. 206 (2015), and its application of the *McDonnell Douglas* analysis to cases under the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. §§ 2000e(k) & 2000e-2(a)(1). The case concerned Wal-Mart's Temporary Alternate Duty Policy ("TAD Policy"), which offered light duty work only to workers injured on the job. EEOC filed suit on behalf of a

---

[1] A copy of the Seventh Circuit's decision is attached hereto as Exhibit A.

1

class of pregnant workers claiming that, "excluding pregnant women from the TAD Policy caused Walmart to violate" the PDA. (*Wal-Mart*, at *2.)

The parties cross-moved for summary judgment. Wal-Mart conceded that the EEOC established a prima facie case but argued that it articulated a legitimate nondiscriminatory reason for the TAD Policy and the EEOC failed to establish evidence of pretext.[2] The district court denied the EEOC's motion and granted Wal-Mart's motion. The Seventh Circuit affirmed. The Court of Appeals rejected two arguments Plaintiff has advanced in this case.

First, Plaintiff argued that "unless an employer can articulate [at the second step of the *McDonnell Douglas* analysis] a compelling reason for failing to equally accommodate pregnant workers, *the employer violates the PDA*." (ECF 141 at 11 (emphasis added).) Similarly, in *Wal-Mart*, The EEOC argued that "*Young* requires Walmart 'to do more than simply articulate the reason why [workers injured on the job were offered light duty]. The employer must also articulate *the reasons why it excluded pregnant employees* from the benefit." (*Wal-Mart*, at *6.). The Seventh Circuit disagreed that there was a heightened burden for employers at the second step. (*Id.* at *6.)[3] Wal-Mart had satisfied its burden at the second step:

> by offering a legitimate reason for the TAD Policy's limits that was not discriminatory. … [I]t had chosen for sound reasons to offer a benefit to a certain category of workers, those injured on the job, *without intending to discriminate against anyone else* with physical limitations, whether caused by off-the-job injuries, illness, pregnancy, or anything else, to whom its reasons did not apply.

(*Id.* (emphasis added).)

---

[2] The asserted justification for the policy was that it reduced workplace accident costs and worker's compensation costs, among other things. (*Id*. at *4–5.)

[3] The Agency relied on two passages from *Young*, one of which the Seventh Circuit said merely "refers to the need to focus the disparate-treatment inquiry on evidence of intentional discrimination." (*Id.*) The second passage, which Plaintiff relies on in this case (see ECF 141 at 11), was "a fact-focused rhetorical question," according to the Seventh Circuit. (*Id.*)

Second, Plaintiff argued that *Young* relieved her of the requirement to present evidence of comparators who were similar in the inability to come to work. (ECF 151 at 11–12.) Summary judgment in favor of *Wal-Mart* was affirmed, in part, because the EEOC failed to offer evidence of comparators "other than workers injured on the job." (*Wal-Mart*, at *6.) The Court rejected as "circular" the EEOC's argument that it met its burden by showing that Wal-Mart "denied light duty to 100 percent of pregnant workers and granted light duty to 100 percent of occupationally injured workers." (*Id.* at *7.) Otherwise, the Court observed, pregnant workers would be given the "most-favored-nation" status the Supreme Court in *Young* said was *not* required by the PDA. (*Id.*) This was precisely the argument Plaintiff advances in this case.

For the reasons set forth in AT&T's Memorandum in Opposition (ECF No. 150), the Court should deny Plaintiff's motion for partial summary judgment.

Dated:  August 18, 2022

Respectfully submitted,

By: _____
Kenneth W. Gage, admitted *pro hac vice*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
212-318-6000 (telephone)
212-319-4090 (facsimile)
kennethgage@paulhastings.com

Christine L. Cedar, admitted *pro hac vice*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
202-551-1700 (telephone)
202-551-0432 (facsimile)
christinecedar@paulhastings.com

Alex J. Maturi, admitted *pro hac vice*
PAUL HASTINGS LLP

3

71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
312-499-6076 (telephone)
312-499-6176 (facsimile)
alexmaturi@paulhastings.com

*Attorneys for Defendant*
AT&T Mobility Services LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I caused the foregoing **DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*Cedar*
Christine L. Cedar