IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATIA HILLS,<br><br>    Plaintiff,<br><br> -against-<br><br>AT&T MOBILITY SERVICES LLC a/k/a<br>AT&T MOBILITY LLC,<br><br>    Defendant. | Civil No.: 3:17-cv-00556-JD-MGG |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL AUTHORITY**

  Plaintiff Katia Hills ("Plaintiff") submits this response to Defendant AT&T Mobility Services LLC's ("AT&T") Motion for Leave to Submit Supplemental Authority, ECF No. 159 (hereinafter, "Def.'s Motion for Leave"). Plaintiff does not oppose AT&T's Motion for Leave, given that the Seventh Circuit's ruling in *Equal Employment Opportunity Commission v. Wal-Mart Stores East, L.P.*, No. 21-1690, 2022 WL 3365083 (7th Cir. Aug. 16, 2022), concerns, as this case does, the application of *Young v. United Parcel Service, Inc.*, 575 U.S. 206 (2015), to a failure-to-accommodate claim under clause two of the Pregnancy Discrimination Act ("PDA").

  But AT&T's confidence that *Wal-Mart* undermines Plaintiff's Motion for Partial Summary Judgment, ECF No. 140, is misplaced. Indeed, the Seventh Circuit's ruling *supports* Plaintiff in a critical respect – namely, by confirming the type and quantum of evidence that will show pretext in a PDA failure-to-accommodate case. While the Seventh Circuit found the evidence before it sufficient to deny pretext and uphold summary judgment for the employer, its

reasoning only confirms that the record evidence in this case supports a finding for Plaintiff. AT&T's policy of expressly privileging roughly a dozen categories of absence, while only excusing a few categories of pregnancy-related absence – for which Plaintiff was categorically ineligible during the relevant time period covered by her pending Motion – is squarely analogous to UPS's policy found impermissible by the Supreme Court in *Young*, and plainly distinguishable from Wal-Mart's policy found acceptable by the Seventh Circuit.

As to the legal standard adopted by the Seventh Circuit concerning a defendant's burden of production at step two of *Young*'s PDA framework, while Plaintiff disagrees with that aspect of the decision,[1] the court's ultimate conclusion – that Wal-Mart carried its burden – does not assist AT&T. The court's decision rested on Wal-Mart's having put forward numerous policy and economic justifications for limiting guaranteed light duty work to one category of employees – those hurt on the job – both in the text of the light duty policy itself and submitted in a corporate witness's sworn declaration. *Wal-Mart*, 2022 WL 3365083, at *4-5, ECF No. 159-1 at 5. Here, in contrast, AT&T has provided *no* justification for automatically deeming as "excused" multiple categories of worker absences that are unrelated to pregnancy. *See generally* Def.'s Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J., ECF No. 150 (hereinafter, "Def.'s Opp. Mem."); *see also* Pl.'s Reply Mem. Supp. Mot. for Partial Summ. J., ECF No. 151 (hereinafter, "Pl.'s Reply Mem."), at 14.

---

[1] Should the Court believe that more detailed briefing about the Seventh Circuit's decision would assist in deciding Plaintiff's pending Motion, Plaintiff would welcome the opportunity to provide it.

The other portion of the *Wal-Mart* opinion on which AT&T relies, inaptly, concerns the determination of how and whether a PDA plaintiff makes a showing of pretext at step three of the *Young* framework. Notably, the Seventh Circuit's articulation of the applicable legal standard matches Plaintiff's. *Wal-Mart*, 2022 WL 3365083, at *6, ECF No. 159-1 at 6-7, quoting *Young*, 575 U.S. at 229 (internal quotation omitted) ("At step three, the burden shifts back to the [plaintiff] to 'provid[e] sufficient evidence that the employer's policies impose a significant burden on pregnant workers, and that the employer's "legitimate, nondiscriminatory" reasons are not sufficiently strong to justify the burden, but rather – when considered along with the burden imposed – give rise to an inference of intentional discrimination.'"); Pl.'s Mem. Supp. Mot. Partial Summ. J., ECF No. 141 at 2 (same). The court further notes *Young*'s guidance that one route for a plaintiff to prove an impermissible "significant burden" on pregnant workers is to "provid[e] evidence that the employer accommodates a large percentage of nonpregnant workers while failing to accommodate a large percentage of pregnant workers," *Wal-Mart*, 2022 WL 3365083, at *7, ECF No. 159-1 at 7 (internal citation omitted).

Applying those standards, the Seventh Circuit found that, because Wal-Mart privileged just one category of non-pregnant workers, the EEOC had failed to show a "significant burden" under *Young*. *Id.* at *6-7, ECF No. 159-1 at 7. Application of the same standards to AT&T's policy, however, leads to the opposite result, as they did when applied to UPS's.[2]

---

[2] At no point has Plaintiff contested, as AT&T claims, that "*Young* relieved her of the requirement to present evidence of comparators who were similar in the ability or inability to work." AT&T's Motion for Leave, ECF No. 159 at 3. Plaintiff contends that where a policy expressly favors some categories of non-pregnant workers "similar in their ability or inability to work" while expressly excluding categories of pregnant workers, as AT&T's policy does, she is

3

DATED: August 19, 2022                                       Respectfully submitted,

*/s/ Gillian Thomas*
Gillian Thomas*
American Civil Liberties Union
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 284-7356
gthomas@aclu.org

Lynn A. Toops, No. 26386-49
Lisa LaFornara, No. 35280-53
Cohen & Malad LLP
One Indiana Sq. Ste. 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenandmalad.com
llafornara@cohenandmalad.com

---

not required to identify specific individual comparators who benefited from that policy. *See* Pl.'s Reply Mem., at 11-12. The Seventh Circuit's ruling supports Plaintiff's position, as does *Young*. *See, e.g., Wal-Mart*, 2022 WL 3365083, at *6, ECF No. 159-1 at 7 ("Here, the differences between Walmart's *TAD Policy* and the employer's *multiple policies* in *Young* defeat the EEOC's theory of discrimination."). (Emphasis added.); *Wal-Mart*, 2022 WL 3365083, at *6, ECF No. 159-1 at 7 ("The Court vacated summary judgment for UPS . . . because it provided accommodations *under multiple policies* to several other *groups of workers* with lifting restrictions who were similar to [plaintiff] in their ability or inability to work.") (Emphasis added.)

Joseph M. Sellers\*
Kalpana Kotagal\*
Harini Srinivasan\*
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., Suite 500
Washington, DC 20005
Tel: (202) 408-4600
jsellers@cohenmilstein.com
kkotagal@cohenmilstein.com
hsrinivasan@cohenmilstein.com

*Counsel for Plaintiff Katia Hills*

\*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 19, 2022, I caused the foregoing Plaintiff's Response to Defendant's Motion for Leave to Submit Supplemental Authority to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

                                            */s/ Gillian Thomas*
                                            Gillian Thomas